IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00888-BNB

NICHOLAS VALDEZ,

      Applicant,

v.

RICHARD SMELSER, Warden, and
JOHN W. SUTHERS, The Attorney General of the State of Colorado,

      Respondents.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, C        \DO

JUL 3 1 2009

GREGORY C. LANGHAM
CLERK

---

## ORDER OF DISMISSAL

---

Applicant Nicholas Valdez is a prisoner in the custody of the Colorado Department of Corrections and currently is incarcerated at the Crowley County Correctional Facility in Olney Springs, Colorado. Mr. Valdez initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. In an order entered on April 30, 2009, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On May 12, 2009, Respondents filed a Pre-Answer Response. Mr. Valdez filed a Reply on May 21, 2009.

Upon review of the Pre-Answer Response and the Reply, Magistrate Judge Boland entered an order on June 19, 2009, that directed Mr. Valdez to show cause why the Application should not be denied as a mixed petition for failure to exhaust state court remedies. In the June 19, 2009, Order, Mr. Valdez was offered the opportunity to

dismiss his unexhausted claims and proceed with only his exhausted claims. Mr. Valdez has not responded to the June 19, 2009, Order.

The Court must construe the Application liberally because Mr. Valdez is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the Application and dismiss the action as a mixed petition.

Overall, Mr. Valdez sets forth four claims in the Application. Magistrate Judge Boland found that Mr. Valdez exhausted his state court remedies in Claims Two, Three, and Four but did not exhaust his remedies in Claim One. Upon review of the Application, the Pre-Answer Response, and the Reply, the Court concurs with Magistrate Judge Boland that only Claims Two, Three, and Four have been exhausted. The Court further notes Mr. Valdez states in his Reply that he has raised Claim One in a Colo. R. Crim. P. 35(a) postconviction motion, which is pending in state court. (Reply at 3 and 17.)

To pursue his claims in this Court Mr. Valdez must have exhausted his state court remedies in all of the claims that he raises. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented "to the highest state court, either by direct review of the conviction or in a postconviction action." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

"The exhaustion requirement is not one to be overlooked lightly." **Hernandez v. Starbuck**, 69 F.3d 1089, 1092 (10th Cir. 1995).

Because Mr. Valdez has not exhausted all of the claims he has raised, the Court will deny the Application as a mixed petition. The Court will refrain from determining the merits of Mr. Valdez's claims. Mr. Valdez is reminded that the time the instant action was pending in this Court does not toll the time under 28 U.S.C. § 2244(d). **See Duncan v. Walker**, 533 U.S. 167, 181-82 (2001). Accordingly, it is

ORDERED that the Application is denied and the action is dismissed without prejudice as a mixed petition.

DATED at Denver, Colorado, this *31* day of ___*July*___, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO


**CERTIFICATE OF MAILING**


Civil Action No.  09-cv-00888-BNB

Nicholas Valdez
Prisoner No.  128140
Crowley County Corr. Facility
6564 State Hwy. 96
Olney Springs, CO 81062-8700

Majid Yazdi
Assistant Attorney General
**DELIVERED ELECTRONICALLY**


        I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the
above-named individuals on 7/31/09

                                                GREGORY C. LANGHAM, CLERK


                                        By: _____
                                                        Deputy Clerk